Weygandt, C. J.,
concurring. It is suggested in the dissenting opinion that the appeal in this case should be dismissed for want of a final reviewable order in the Court of Appeals.
The question there under discussion is not new, and the answer is found in both the Constitution and the statutes. Section 2505.03, Revised Code (Section 12223-3, General Code), is not mentioned. It reads in part: “Every final order, judgment, or decree of a court * * * may be reviewed as provided in Sections 2505.04 to 2505.45, inclusive * *
Nor has Section 2505.28, Revised Code (Section 12223-28, General Code), been mentioned. It reads in part: “A judgment rendered or a final order made *309 by a Court of Appeals or a judge thereof * * * may be reversed, vacated, or modified by the Supreme Court * * # 5 9
The constitutional answer to the question is found in the unanimous decision of this court in the case of Chandler & Taylor Co. v. Southern Pacific Co., 104 Ohio St., 188, 135 N. E., 620.
In paragraph one of the syllabus the court held:
“Such interpretation must be given a provision of the Constitution as will promote the object of the people in adopting it, and narrow and technical definitions of particular words should be avoided. In obedience to this rule the term ‘judgments’ appearing in Section 6, Article IV of the Constitution as amended in 1912, is used in its broad and generally accepted meaning and not in that restricted meaning formerly given it by the Legislature in Section 11582, General Code. The term comprehends all decrees and final orders rendered by á court of competent jurisdiction and which determine the rights of parties affected thereby.”
In his opinion Judge Jones discussed the meaning of the term, “judgments,” in the following clear language:
“It is here contended by defendant in error that by the use of the term ‘judgments’ in the Constitution of 1912, final orders were thereby definitely excluded and are no longer reviewable. While this phase of the controversy was not before us it was queried by the judge delivering the opinion in Thompson v. Denton, 95 Ohio St., 333, 340. Were we to give a restricted meaning to the term ‘judgment,’ employed in said Section 11582, we might be forced to the conclusion that those who wrote the Constitution of 1912 did not intend to embrace final orders as being within the appellate jurisdiction of the Supreme Court and the Court of Appeals.
*310 “When the provisions of the judicial article were under consideration by the Constitutional Convention there is nothing in the history of that body, nor in its discussion, which tends to show that an order affecting the substantial rights of litigants, whether made in an action, or in a special proceeding, or in a summary action after judgment, could not thereafter be reviewed by a higher court. On the other hand, both in its discussion and in its submission to the people stress was laid upon the fact that a litigant should have both trial and review.
“We appreciate the gravity of the legal problem here involved. But in its solution this court cannot adopt a construction so narrow as to deprive litigants of remedies enjoyed since the adoption of our Civil Code of Procedure. Our bench and bar of this and preceding generations knew that the definitions of ‘judgments’ and ‘final orders’ had been engrafted upon our civil code and that our remedial procedure embraced the review of final orders; and undoubtedly those who framed the Constitution of 1912 did not contemplate a restriction of those civil remedies continuously employed for a period of more than 60 years. While we may not permit the conferment of legislative jurisdiction upon the Court of Appeals under our present Constitution, it is permissible to define the term ‘judgments’ as used in the Constitution. At common law the term was used in a restricted sense. Lexicographers and courts have variously defined it, some giving it a restricted and others a broad and comprehensive meaning. We are satisfied that in order to effectuate the purpose of those who framed this amendment, and in order to promote the object of the people in its adoption, a technical definition should be disregarded and a broad and comprehensive meaning should be adopted. We, therefore, hold that it comprehends decrees and final orders rendered by a court *311 of competent jurisdiction and which determine the rights of parties affected thereby. Were we to arrive at any other conclusion than herein announced a review of a large number of final orders affecting the substantial rights of litigants would be denied.
“An examination of the reported cases in this state will disclose that there are a large number of final orders which have always been reviewable by our appellate courts, and, if we should hold to the strict definition of the term ‘judgment,’ as contended for, not only would the right of review be denied to litigants in such cases, but the Legislature would be powerless to provide a remedy by proceedings in error. And while this feature of the case has not been heretofore decided by this court, final orders made since the adoption of our amended Constitution have been reviewed by the Court of Appeals and the Supreme Court in the following cases: Continental Tr. & Sav. Bk. Co. v. Home Fuel & Supply Co., 99 Ohio St., 453; Gorey v. Black, 100 Ohio St., 73, and First National Bank of Dunkirk v. Smith, 102 Ohio St., 120.”
That decision never has been overruled and has been followed in numerous later decisions.
In 2 Ohio Jurisprudence (2d), 687, reference is made to Rule XXIV as follows:
“Before the rule was adopted, and before the adoption of the new appellate code, in a case decided at a time when both appeal and error existed and it was common practice, in doubtful cases, to prosecute both, it was held that if the motion to dismiss the appeal was sustained, in a case in which concurrent appeal and error had been taken, the appellant had the right to prosecute error to the Supreme Court from the judgment of dismissal.”
The finality of such a dismissal is apparent when it is remembered that such a judgment or order definitely and finally denies the appellant the right of a retrial *312 on the facts in that court, and, being a final order or judgment, it clearly should be reviewable at once. However, it is insisted that this final order or judgment of dismissal may not be reviewed by the Supreme Court unless and until the appellant has incurred the expense and delay of obtaining a bill of exceptions and the Court of Appeals has heard and decided the matter on questions of law only — a wholly useless procedure if the Supreme Court later decides that the Court of Appeals was in error in denying the appellant a retrial on the issues of fact.
Furthermore, in this case no question was raised by counsel concerning the immediate appealability of the dismissal of the appeal on questions of fact. This court allowed the appellant’s motion to certify the record and heard the case on the merits. Yet at this late date it is now contended that this whole procedure was erroneous and that Rule XXIV, promulgated by this court itself, is retroactively invalid after having been the accepted procedure for 20 years.
Properly the majority of the court is refusing to dismiss the appeal.